Guan v. Sessions

BIA
Christensen, IJ
A200 176 203

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand seventeen.

PRESENT:
            BARRINGTON D. PARKER,
            RICHARD C. WESLEY,
            SUSAN L. CARNEY,
                *Circuit Judges.*
_____

HUA GUAN,
            *Petitioner,*

            v.                                          15-3826
                                                        NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,[1]
            *Respondent.*
_____

FOR PETITIONER:            David X. Feng, New York, N.Y.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Nancy E.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III, is automatically substituted for former Attorney General Loretta E. Lynch as the Respondent in this case.

Friedman, Justin R. Markel, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hua Guan, a native and citizen of the People's Republic of China, seeks review of a November 3, 2015 decision of the BIA affirming a March 25, 2014 decision of an Immigration Judge ("IJ") denying Guan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Guan,* No. A200 176 203 (B.I.A. Nov. 3, 2015), *aff'g* No. A200 176 203 (Immig. Ct. N.Y. City Mar. 25, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the

2

totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Guan was not credible as to his claim that Chinese officials detained and beat him during a raid on his unregistered church in China, and that he fears persecution on account of his continued religious practice.

The IJ reasonably relied on Guan's demeanor, finding him unresponsive at times. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is supported by the record.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies regarding whether some of Guan's fellow church members escaped arrest during the police raid on his church, and where he has

3

lived and when he has attended church in the United States. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67 & n.3. Guan did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d at 80 (2d Cir. 2005) ("A petitioner 'must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'" (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 76 (2d Cir. 2004))).

Having questioned Guan's credibility, the agency reasonably relied further on his failure to corroborate his claim with a statement from his wife. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Guan explained that his wife did not know that he was Christian, that he attended church weekly, or that he was detained for 15 days. The IJ reasonably found that explanation implausible, particularly given that Guan claimed his wife knew that he had fled China to seek religious freedom. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007) (recognizing that an adverse credibility determination may be based on the inherent implausibility in an applicant's story when the implausibility

4

finding was "tethered to record evidence"). The IJ's implausibility finding provided further support for the overall adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Given the demeanor, inconsistency, lack of corroboration, and implausibility findings, we conclude that the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of Guan's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5